IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRADLEY T. GOULDING,<br><br>    Plaintiff,<br><br>v.<br><br>GEOFF HILL,<br><br>    Defendant. | **ORDER**<br><br>Case No. 2:14-cv-905-RJS<br><br>Judge Robert J. Shelby |

Plaintiff Bradley Goulding sued Defendant Geoff Hill, alleging that Mr. Hill made defamatory statements on multiple websites. Mr. Hill has not defended the lawsuit. At Mr. Goulding's request, the Clerk of Court entered a certificate of default against Mr. Hill.[1] Mr. Goulding now moves for entry of default judgment.[2] Under Federal Rule of Civil Procedure 55(b)(2), the court may order a default judgment following the entry of a certificate of default by the clerk of court.[3]

Mr. Hill made allegedly defamatory statements on two websites with domain names containing Mr. Goulding's name—bradley-goulding.com and bradley-t-goulding.com. Mr. Goulding urges the court to order Mr. Hill to cease operating these websites. Mr. Goulding also moves the court to order VeriSign, Inc., the website registry and a nonparty to this lawsuit, to transfer the domain names to him. The Anticybersquatting Consumer Protection Act prohibits a person with bad-faith intent from registering a domain name consisting of another person's legal

---

[1] Dkt. 12.
[2] Dkt. Nos. 13–15.
[3] FED. R. CIV. P. 55(b)(2).

name that is protected under the Act.[4] The Act also provides that the court may order the transfer of the domain name to the plaintiff.[5] Further, Mr. Goulding's counsel has represented that VeriSign's counsel has agreed to comply with a "properly worded court order" to transfer the domain name to Mr. Goulding.

Mr. Hill also made allegedly defamatory statements on ripoffreport.com and badbusinessbureau.com. Mr. Goulding moves the court to order the domain owners of those two websites to remove the allegedly defamatory content. He also moves the court to order Google, Yahoo, and Bing to remove all references to the allegedly defamatory content in search engine results. Mr. Goulding argues that the nonparties are not necessary parties under Federal Rule 19. But Mr. Goulding has not cited binding authority that indicates the court may order the nonparties to remove the content at issue. In view of this, the court declines to issue an order binding on Google, Yahoo, Bing, and the domain owners of ripoffreport.com and badbusinessbureau.com.

Pursuant to Federal Rule 55, the court hereby finds that (1) Mr. Hill was served with process in this action; (2) Mr. Hill has failed to appear, plead, answer, or otherwise respond in this action; and (3) the time allowed by law for Defendants to plead, answer, or otherwise respond in this action has expired. Accordingly, default judgment is entered against Mr. Hill in favor of Mr. Goulding and the court orders the following:

> (1) VeriSign, Inc., as the .com gTLD registry, must change the registrar of record for the domain names bradley-goulding.com and bradley-t-goulding.com from the current registrar to GoDaddy, Inc. and subsequently register the domain names bradley-goulding.com and bradley-t-goulding.com in Mr. Goulding's name;

---

[4] 15 U.S.C. § 1125(d)(1)(A).
[5] *Id.* at § 1125(d)(1)(C).

      (2) Mr. Hill shall not register domain names in the future incorporating Mr. Goulding's name.

The court directs the Clerk of Court to forward copies of this Order to all parties of record and to close the case.

    SO ORDERED this 25th day of March, 2015.

                        BY THE COURT:

                        _____
                        ROBERT J. SHELBY
                        United States District Judge